# In the United States Court of Federal Claims

No. 15-1560C

Filed: August 12, 2016

*************************************

\*
\*
MICHAEL YANKO                  \*
as an individual, and on behalf of all   \*
other part-time GS and WG federal    \*
employees who are or were employed   \*
by all federal agencies and who      \*
are similarly situated,            \*
\*
       Plaintiff,               \*
\*
\*
v.                               \*
\*
\*
THE UNITED STATES,           \*
\*
       Defendant.             \*
\*
\*
\*

*************************************

5 C.F.R. § 550.103 (Premium Pay Definitions);
5 C.F.R. § 610.102 (Weekly and Daily Scheduling of Work Definitions);
5 C.F.R. § 610.405 (Holiday for Part-Time Employees on Flexible Work Schedules);
5 U.S.C. § 5546(b) (Holiday Pay);
5 U.S.C. § 5596 (Back Pay Due to Unjustified Personnel Action);
5 U.S.C. § 6101 (Basic 40-Hour Workweek; Work Schedules; Regulations);
5 U.S.C. § 6103 (Holidays);
5 U.S.C. § 6121 (Flexible and Compressed Work Schedules Definitions);
28 U.S.C. § 1491(a)(1) (Jurisdiction);
Executive Order No. 11,582 (Holiday Observance);
Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC").

**Ira M. Lechner**, Washington, D.C., for Plaintiff.

**Mark Edward Porada**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

### MEMORANDUM OPINION AND ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS

**BRADEN**, *Judge*.

        This case involves whether part-time federal employees are entitled to premium pay for work performed on federal holidays.

## I.      RELEVANT STATUTORY AND FACTUAL BACKGROUND.[1]

Section 5546(b) of Title 5 of the United States Code provides that:

> An employee who performs work on a holiday designated by *Federal statute*,[2] *Executive order*, or with respect to an employee of the government of the District of Columbia . . . is entitled to pay at the rate of his basic pay, plus premium pay at a rate equal to the rate of his basic pay, for that holiday work which is not-- (1) in excess of 8 hours; or (2) overtime work as defined by section 5542(a) of this title.

5 U.S.C. § 5546(b) (emphasis added).

Section 6103 of Title 5 ("Section 6103") designates ten dates as "legal public holidays." *See* 5 U.S.C. § 6103(a).  If one of these legal public holidays occurs on a federal employee's non-workday, Section 6103(b) and Executive Order 11,582, 36 FED. REG. 2957 (Feb. 11, 1971) provide that federal employees may observe a legal public holiday on a workday; these days are known as "in lieu of holidays."

If a legal public holiday occurs on a Saturday or a day that has been designated as a federal employee's Saturday, an "in lieu of holiday" is provided in two situations.  For an employee "whose basic workweek is Monday through Friday," the preceding Friday is designated as a legal public holiday.  *See* 5 U.S.C. § 6103(b)(1).  For an employee "whose basic workweek is other than Monday through Friday," when a legal public holiday occurs on a regular weekly non-workday, "except the regular weekly non-workday administratively scheduled for the employee[,] instead of Sunday, the workday immediately before that regular weekly nonworkday is a legal public holiday for the employee."  *Id.* § 6103(b)(2).

---

[1] The relevant facts were derived from Plaintiff's December 21, 2015 Complaint ("Compl.").

[2] The federal statute that designates federal holidays, Section 6103(a) of Title 5, provides:

The following are legal public holidays:

New Year's Day, January 1.
Birthday of Martin Luther King, Jr., the third Monday in January.
Washington's Birthday, the third Monday in February.
Memorial Day, the last Monday in May.
Independence Day, July 4.
Labor Day, the first Monday in September.
Columbus Day, the second Monday in October.
Veterans Day, November 11.
Thanksgiving Day, the fourth Thursday in November.
Christmas Day, December 25.

5 U.S.C. § 6103(a) (originally enacted as Pub. L. 89-544, 80 Stat. 515 (1966)).

If a legal public holiday occurs on a Sunday or a day that has been designated as a federal employee's Sunday, an "in lieu of holiday" is also provided under two circumstances. *See* Exec. Order No. 11,582, 36 FED. REG. 2957 § 3. First, "[a]ny employee whose basic workweek does not include Sunday and who would ordinarily be excused from work on a holiday falling within his basic workweek shall be excused from work on the next workday of his basic workweek whenever a holiday falls on Sunday." *Id.* at § 3(a). Second, "[a]ny employee whose basic workweek includes Sunday and who would ordinarily be excused from work on a holiday falling within his basic workweek shall be excused from work on the next workday of his basic workweek whenever a holiday falls on a day that has been administratively scheduled as his *regular* weekly nonworkday in lieu of Sunday." *Id.* at § 3(b) (emphasis in original).

For example, assuming a holiday falls on Saturday, December 25, for an employee whose basic workweek is Monday through Friday, the employee's "in lieu of holiday" would be Friday, December 24 (the workday preceding the holiday). *See* 5 U.S.C. § 1603(b)(1). For an employee whose basic workweek is Tuesday through Saturday, no "in lieu of holiday" is provided, because the public holiday occurs on one of the employee's regular *workdays*. *See* 5 U.S.C. § 6103(a). For an employee whose basic workweek is Sunday through Thursday, the employee would not receive an "in lieu of holiday," because the holiday falls on a Saturday, *i.e.*, "the regular weekly non-workday administratively scheduled for the employee instead of Sunday." *See* 5 U.S.C. § 1603(b)(2). But, under Executive Order 11,582, that employee could observe the public holiday on Sunday, December 26 (the next workday after the holiday) as an "in lieu of holiday." *See* Exec. Order No. 11,582, 36 FED. REG. 2957 § 3(b).

The Office of Personnel Management ("OPM") is authorized to manage personnel, subject to the civil service for all federal agencies, including the Department of Veteran Affairs (the "VA"). OPM affords full-time employees "in lieu of holidays";[3] OPM, however, does not afford "in lieu of holidays" to part-time employees:

> If a part-time employee is relieved or prevented from working on a day within the employee's scheduled tour of duty that is designated as a holiday by Federal statute or Executive [O]rder, the employee is entitled to basic pay with respect to the holiday for the number of hours the employee is scheduled to work on that day, not

---

[3] OPM's website states:

All *full-time* employees, including those on flexible or compressed work schedules, are entitled to an "in lieu of" holiday when a holiday falls on a nonworkday. In such cases, the employee's holiday is the basic workday immediately preceding the nonworkday. A basic workday for this purpose includes a day when part of the basic work requirement for an employee under a flexible work schedule is planned or scheduled to be performed.

PAY & LEAVE PAY ADMINISTRATION, OPM.GOV, https://www.opm.gov/policy-data-oversight/pay-leave/pay-administration/fact-sheets/holidays-work-schedules-and-pay/ (last visited July 26, 2016) (emphasis added).

to exceed 8 hours.  When a holiday falls on a nonworkday of a part-time employee, he or she is not entitled to an in-lieu-of day for that holiday.

5 C.F.R. § 610.405.

Mr. Michael Yanko is a part-time employee of the VA whose regularly scheduled five-day workweek is "other than Monday through Friday" and includes Sundays.  Compl. ¶ 2(a); *see also* 5 U.S.C. § 6103(b)(2); Exec. Order No. 11,582, 36 FED. REG. 2957 § 3(b).  Specifically, Mr. Yanko's five-day workweek was from Sunday through Thursday; his non-workdays occured on Fridays and Saturdays.  Compl. ¶ 2(a).  Mr. Yanko has been an employee of the VA for six years and during his employment, eight legal public holidays fell on Fridays or Saturdays.  Compl. ¶¶ 2(a), 2(b).  Mr. Yanko and other part-time General Schedule ("GS") and Wage Grade ("WG") federal employees, however, were not paid "premium pay" or "double-time" for non-overtime work performed on "in lieu of holidays."  Compl. ¶ 2(b)(A).

## II.   PROCEDURAL HISTORY.

On December 21, 2015, Mr. Yanko ("Plaintiff"), on behalf of part-time GS and WG employees of the United States, filed a Class Action Complaint ("Compl.") in the United States Court of Federal Claims, alleging that part-time GS and WG employees are entitled to "holiday premium pay under 5 U.S.C. § 5546(b) for work performed during a daily tour of duty on an in lieu of holiday [that] has been designated as a holiday by Federal statute . . . or by Executive [O]rder[.]"  Compl. ¶ 1.   Plaintiff and members of the putative class seek back pay and interest "equal to the amount of double-time holiday premium pay that they should have received but did not receive, . . . pursuant to the Back Pay Act, 5 U.S.C. § 5596(b),"[4] and reasonable attorneys'

---

[4] Section 5596 of the Back Pay Act, in relevant part, provides:

(b)(1) An employee of an agency who, on the basis of a timely appeal or an administrative determination (including a decision relating to an unfair labor practice or a grievance) is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee--

(A) is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in effect--

(i) an amount equal to all or any part of the pay, allowances, or differentials, as applicable which the employee normally would have earned or received during the period if the personnel action had not occurred, less any amounts earned by the employee through other employment during that period; and

(ii) reasonable attorney fees related to the personnel action which, with respect to any decision relating to an unfair labor practice or a grievance processed under a procedure negotiated in accordance with chapter 71 of this title, or under chapter 11 of title I of the Foreign Service Act of 1980,

4

fees.  Compl. ¶¶ 22, 23(b)–(e).  Plaintiff also requests that the court "[c]ertify this action as an 'opt-in' class action[,] pursuant to [Rule] 23 [of the United States Court of Federal Claims ("RCFC")]; certify Plaintiff as the class representative; and approve the undersigned attorney as Class Counsel[.]"  Compl. ¶ 23(a).

On December 21, 2015, Plaintiff also filed a Notice Of A Directly Related Case, citing *Jones v. United States*, No. 11-681C.[5]

On February 5, 2016, the Government filed a Motion For Extension Of Time Until April 19, 2016 To File An Answer, that the court granted on February 8, 2016.

On April 18, 2016, the Government filed a Motion To Dismiss ("Gov't Mot."), pursuant to RCFC 12(b)(6).  On May 16, 2016, Plaintiff filed a Response ("Pl. Resp.").  On May 31, 2016, the Government filed a Reply ("Gov't Reply").

---

shall be awarded in accordance with standards established under section 7701(g) of this title; and

(B) for all purposes, is deemed to have performed service for the agency during that period, except that--

(i) annual leave restored under this paragraph which is in excess of the maximum leave accumulation permitted by law shall be credited to a separate leave account for the employee and shall be available for use by the employee within the time limits prescribed by regulations of the Office of Personnel Management, and

(ii) annual leave credited under clause (i) of this subparagraph but unused and still available to the employee under regulations prescribed by the Office shall be included in the lump-sum payment under section 5551 or 5552(1) of this title but may not be retained to the credit of the employee under section 5552(2) of this title.

(2)(A) An amount payable under paragraph (1)(A)(i) of this subsection shall be payable with interest.

5 U.S.C. § 5596(b)(1)–(b)(2)(A).

[5] The Government has advised the court that *Jones v. United States*, No. 11-681C, involves the Sunday pay statute, 5 U.S.C. § 5546(a), not the holiday pay statute, 5 U.S.C. § 5546(b).  ECF No. 7, at 8 n.2.  Another case currently before the Honorable Elaine D. Kaplan of the United States Court of Federal Claims, *Austin v. United States*, No. 13-446C, does address the holiday pay statute as it relates to part-time employees.  *See* 124 Fed. Cl. 410 (2015).

## III.   DISCUSSION.

### A.   Jurisdiction.

Under the Tucker Act, 28 U.S.C. § 1491, the United States Court of Federal Claims has jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  However, the Tucker Act is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . .  [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, a plaintiff must "identify a substantive right for money damages against the United States separate from the Tucker Act." *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004).  A plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government[.]" *Testan*, 424 U.S. at 400.  Further, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

In this case, the December 21, 2015 Class Action Complaint alleges that Plaintiff and those similarly situated have been wrongfully deprived of premium pay, pursuant to 5 U.S.C. § 5546(b), "for work performed during a daily tour of duty on an in lieu of holiday which has been designated as a holiday by Federal statute . . . or by Executive order." Compl. ¶ 1.  Because Section 5546(b) of Title 5 provides an entitlement to additional pay for service performed on a holiday, it is a "money mandating" statute. *See Todd*, 386 F.3d at 1094.  Accordingly, the court has jurisdiction to adjudicate the claims alleged in the December 21, 2015 Class Action Complaint.

### B.   Standard Of Review Under RCFC 12(b)(6).

A challenge to the United States Court of Federal Claims' "[ability] to exercise its general power with regard to the facts peculiar to the specific claim . . . is raised by a [Rule] 12(b)(6) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(6) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . .  But a party may assert the following defense[] by motion: . . . (6) failure to state a claim upon which relief can be granted[.]").

When considering whether to dismiss an action for failure to state a claim, the court must assess whether "a claim has been stated adequately" and then whether "it may be supported by [a] showing [of] any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007).  The plaintiff's factual allegations must be substantial enough to raise the right to relief "above the speculative level." *Id.* at 555.  The court must accept all factual allegations in the complaint as true and make all reasonable inferences in favor of the plaintiff. *Id.*

### C.   The Government's April 18, 2016 Motion To Dismiss.

#### 1.   The Government's Argument.

The Government does not dispute that part-time GS and WG workers qualify as employees under 5 U.S.C. § 5546(b), the holiday premium pay statute.  Gov't Mot. at 4 (citing *Fathauer v. United States*, 566 F.3d 1352 (Fed. Cir. 2009) (holding that part-time workers are employees for purposes of 5 U.S.C. § 5546(a), the Sunday premium pay statute)).  Instead, the Government argues that part-time GS and WG employees are not entitled to premium pay for work performed on an "in lieu of holiday," because: (1) "in lieu of holidays" are recognized only for employees who work a "basic workweek," *i.e.*, 40 hours a week; and (2) administrative interpretations apply the phrase "basic workweek" only to full-time employees.  Gov't Mot. at 3, 5, 9.

Under the express language of 5 U.S.C. § 6103(b) and Executive Order No. 11,582, only employees who work a "basic workweek" are eligible for "in lieu of holidays."  Gov't Mot. at 4–5.  Although Section 6103 does not include a definition of the term "basic workweek," Section 6101, states "*Basic 40-hour workweek*; work schedules; regulations," and provides that the head of each executive agency will "*establish a basic administrative workweek of 40 hours* for each full-time employee in his organization."  Gov't Mot. at 5 (emphasis in original) (citing 5 U.S.C. § 6101(2)(A)).  In addition, each federal agency is required to provide that "the *basic 40-hour workweek* is scheduled on 5 days, Monday through Friday when possible, and the 2 days outside the *basic workweek* are consecutive."  Gov't Mot. at 6 (emphasis in original) (citing § 6101(a)(3)(B)).  In addition, federal agencies are required to provide that "the working hours in each day in the basic workweek are the same," and the "occurrence of holidays may not affect the designation of the *basic workweek*."  Gov't Mot. at 6 (emphasis in original) (citing § 6101(a)(3)(C), (E)).  Because the term "basic workweek" is used interchangeably with "basic administrative workweek of 40 hours" and "basic 40-hour workweek" in the same statutory section, "'basic workweek' means a workweek of 40 hours, not something less than that."  Gov't Mot. at 6.

Court decisions also discussing the term "basic workweek" have applied it to full-time employees.  Gov't Mot. at 7 (citing *Sanford v. Weinberger*, 752 F.2d 636, 638–39 (Fed. Cir. 1985) ("Under 5 U.S.C. § 6101(a)(2), it is within the discretion of department heads to establish a basic administrative workweek of 40 hours for each full-time employee in their organization."); *see also Acuna v. United States*, 479 F.2d 1356, 1360 (Ct. Cl. 1973) (holding that Section 6101's requirement that "the head of the agency establish a basic workweek for each full-time employee" is mandatory); *Armitage v. United States*, 23 Cl. Ct. 483, 489 (1991) ("OPM has consistently construed the 'basic administrative workweek' to consist of 40 hours[.]"), *aff'd*, 991 F.2d 746 (Fed. Cir. 1993); *Presser v. United States*, 15 Cl. Ct. 672, 677 (1988) ("[T]he term 'basic workweek' is equated to the days and hours within an administrative workweek which make up a full-time employee's regularly scheduled 40-hour workweek[.]")).

In addition, Executive Order 11,582 supports the proposition that an "in lieu of holiday" applies only to full-time employees.  Gov't Mot. at 8.  Specifically, Section 4 of Executive Order 11,582, governing the manner in which a federal agency determines an "in lieu of holiday" for employees who do not have a "regular schedule of definite hours of duty for each workday," applies to "a full-time employee for whom the head of a department has established the first 40

hours of duty." Gov't Mot. at 8 (citing Exec. Order No. 11,582, 36 FED. REG. 2957 § 4).[6] Therefore, the court "should not infer, through silence," that Section 3 of Executive Order 11,582 was intended to afford an "in lieu of holiday" to part-time workers who work a regular schedule of a defined number of hours, "when [S]ection 4 plainly states that for employees who work other than a regular schedule of definite hours, only full-time employees are entitled to in lieu of holidays under those circumstances." Gov't Mot. at 8.  Because Executive Order 11,582 is "intended to operate in tandem with [S]ection 6103—as demonstrated by the inclusion of the [E]xecutive [O]rder as a note appended to [S]ection 6103 in the United States Code," the term "basic workweek" must be interpreted the same way it is interpreted in Section 6103.  Gov't Mot. at 9.

Administrative decisions also have applied the term "basic workweek" only to full-time employees as early as 1953.  Gov't Mot. at 9–10 (citing *Holidays—Compensation—Part-Time Employees*, 32 Comp. Gen. 378, 380 (Feb. 27, 1953) ("[The] term, 'basic workweek' . . . should be accorded the commonly understood meaning of said term . . . as relating only to employees who have a regularly established workweek of at least 40 hours, [and so the term] 'basic workweek' [does] "not apply to part-time employees."); *see also Shirley A. Lombardo—Part-Time Employee's Entitlement to Holiday*, 63 Comp. Gen. 306, 306 (Apr. 24, 1984) ("5 U.S.C. § 6103(b) and Executive Order 11582 . . . provide very specific formulas for determining which day should be observed as a holiday . . . .  Those formulas are clearly not designed for application to part-time schedules."); *Part-Time Employees*, B-214156, 1984 WL 44280, at *1 (May 29, 1984) ("[T]he

------

[6]  Section 4 of Executive Order 11,582, in relevant part, provides that:

The holiday for a full-time employee for whom the head of a department has established the first 40 hours of duty performed within a period of not more than six days of the administrative workweek as his basic workweek because of the impracticability of prescribing a regular schedule of definite hours of duty for each workday, shall be determined as follows:

(a) If a holiday occurs on Sunday, the head of the department shall designate in advance either Sunday or Monday as the employee's holiday and the employee's basic 40-hour tour of duty shall be deemed to include eight hours on the day designated as the employee's holiday.

(b) If a holiday occurs on Saturday, the head of the department shall designate in advance either the Saturday or the preceding Friday as the employee's holiday and the employee's basic 40-hour tour of duty shall be deemed to include eight hours on the day designated as the employee's holiday.

(c) If a holiday occurs on any other day of the week, that day shall be the employee's holiday, and the employee's basic 40-hour tour of duty shall be deemed to include eight hours on that day.

(d) When a holiday is less than a full day, proportionate credit will be given under paragraph (a), (b), or (c) of this section.

Exec. Order No. 11,582, 36 FED. REG. 2957 § 4 (Feb. 11, 1971).

provisions authorizing in lieu of holidays refer to the 'basic workweek' of employees, and the definition applies only to full-time employees.")).

And, as a matter of law, Congress is presumed to be aware of administrative interpretations when it legislates. *See Lorillard v. Pons*, 434 U.S. 575, 580 (1978) ("Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it re-enacts a statute without change."). Therefore, Congress was aware of the Comptroller General's 1953 decision, when it recodified and amended Section 6103 in 1966, 1968, 1972, 1975, 1978, 1983, 1996, and 1998, without redefining "basic workweek." Gov't Mot. at 11. In addition, the Comptroller General's 1984 decision in *Shirley A. Lombardo—Part-Time Employee's Entitlement to Holiday*, 63 Comp. Gen. 306, 306 (Apr. 24, 1984), although not binding authority, discusses the "nonsensical result that could occur if part-time employees earned in lieu of holidays." Gov't Mot. at 10.

For these reasons, OPM has determined that, "[w]hen a holiday falls on a nonworkday of a part-time employee, he or she is not entitled to an in-lieu-of day for that holiday." Gov't Mot. at 12 (citing 5 C.F.R. § 610.405). OPM's regulations state that "[b]asic workweek" "means the 40-hour workweek." Gov't Mot. at 12 (citing 5 C.F.R §§ 550.103, 610.102). Section 6101 provides that OPM "may prescribe regulations . . . necessary for the administration of [Section 6101] insofar as this section affects employees in or under an Executive agency." Gov't Mot. at 12, 13 (citing 5 U.S.C. § 6101(c)). Therefore, the court should "accord *Chevron*[, *U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 104 S. Ct. 2778 (1984)] deference when Congress has authorized the administrative agency 'to engage in the process of rulemaking . . . for which deference is claimed.'" Gov't Mot. at 12 (quoting *Cathedral Candle Co. v. U.S. Int'l Trade Comm'n*, 400 F.3d 1352, 1361 (Fed. Cir. 2005)). The court should dismiss the December 21, 2015 Complaint for failure to state a claim upon which relief can be granted. Gov't Mot. at 2, 14.

## 2.    Plaintiff's Response.

Plaintiff responds that the facts alleged in the December 21, 2015 Complaint establish that he performed non-overtime work on "in lieu of holidays" that were part of his Sunday through Thursday "basic workweek." Pl. Resp. at 4. The Government concedes that the term "employee" includes part-time employees for purposes of Sections 5546(a) and 5546(b). Pl. Resp. at 4. Therefore, it would be contrary to *Fathauer* to exclude part-time employees from the meaning of "an employee" in Section 6103(b) or Executive Order 11,582's use of the term "[a]ny employee." Pl. Resp. at 4. In addition, neither of the holiday pay statutes require that a "basic workweek" be 40 hours, nor do they distinguish between full-time and part-time employees. Pl. Resp. at 4 (referring to 5 U.S.C. §§ 5546, 6103).

Support for the proposition that the term "employee" in the holiday pay statute includes part-time employees is also found in Section 2105(a) of Title 5 of the United States Code.[7]   Pl. Resp. at 4.  Section 2105(a) provides a definition of "employee" that is used throughout Title 5, including Sections 5546 and 6103, unless the definition is specifically modified. Pl. Resp. at 4 (citing *Fathauer*, 566 F.3d at 1355, n.2 ("5 U.S.C. § 2105(a) provides a definition of 'employee' to be used throughout Title 5 'except as otherwise provided by [§ 2105(a)] or when specifically modified.'")).  Therefore, the definition of "employee" contained in Section 2105(a) does not exclude part-time employees and is not modified by the phrase "whose basic workweek is other than Monday through Friday," found in Section 6103, "so as to exclude part-time employees such as [Plaintiff] from the unambiguous definition of 'employee' [found in Section 2105]." Pl. Resp. at 5.  Accordingly, part-time employees are entitled to holiday premium pay for non-overtime work they perform on "in lieu of holidays." Pl. Resp. at 5.  A parsing of the statutory language of Section 6103(b)(2), produces the following result: "Instead of a holiday that occurs on a regular weekly non-workday of a *full-time or part-time* employee whose basic workweek is other than Monday through Friday, . . . the workday immediately before that regular weekly nonworkday is a legal public holiday for the employee."  Pl. Resp. at 5.

In addition, part-time employees are scheduled in advance to work regular weekly or bi-weekly schedules.  Pl. Resp. at 6.  In this case, Plaintiff was scheduled regularly to perform non-overtime work on his weekly "basic workweek," Sunday through Thursday. Pl. Resp. at 6. Section 6101(a)(3) provides that the head of an Executive agency "shall provide, with respect to each employee in his organization, that . . . tours of duty are scheduled in advance over periods of not

---

[7] Section 2105(a) of Title 5 of the United States Code does not distinguish between full-time and part-time employees and provides that:

(a) For the purpose of this title, "employee," except as otherwise provided by this section or when specifically modified, means an officer and an individual who is—

(1) appointed in the civil service by one of the following acting in an official capacity—

(A) the President;
(B) a Member or Members of Congress, or the Congress;
(C) a member of a uniformed service;
(D) an individual who is an employee under this section;
(E) the head of a Government controlled corporation; or
(F) an adjutant general designated by the Secretary concerned under section 709(c) of title 32;

(2) engaged in the performance of a Federal function under authority of law or an Executive act; and

(3) subject to the supervision of an individual named by paragraph (1) of this subsection while engaged in the performance of the duties of his position.

5 U.S.C. § 2105(a).

less than 1 week . . . [and] the working hours in each day in the basic workweek [not the 'basic workweek' which appears in (3)(B)] are the same[.]" Pl. Resp. at 6−7 (citing 5 U.S.C. § 6101(a)(3)(C)). The words "shall provide, with respect to *each employee* in his organization," contradicts the Government's arguments that Section 6101 applies only to full-time employees. Pl. Resp. at 7 (emphasis added). Because Section 6101(a)(3) applies to "each employee," a "basic workweek" for part-time employees is subject to Sections 6101(a)(3)(C) and (a)(3)(E).[8] Pl. Resp. at 6−7. According to Plaintiff, Congress enacted Section 6101 "with the express intention of distinguishing those portions of the legislation which clearly applied to full-time employees from the remainder of scheduling provisions which must apply to all part-time employees as well as full-time workers inasmuch as the preamble within [S]ection [6101](a)(3) focuses on 'each employee' within an Executive agency." Pl. Resp. at 7.

In addition, OPM defines a number of terms used interchangeably with "basic workweek," including "regularly scheduled administrative workweek." Pl. Resp. at 7. For a full-time employee, "regularly scheduled administrative workweek" is defined as "the period, within an administrative workweek, established in accordance with § 610.111of this chapter,[9] within which

----

[8] Section 6101(a)(3) states that, "with respect to each employee":

(A) assignments to tours of duty are scheduled in advance over periods of not less than 1 week;

(B) *the basic 40-hour workweek* is scheduled on 5 days, Monday through Friday when possible, and the 2 days outside the basic workweek are consecutive;

(C) the working hours in each day in *the basic workweek* are the same;

(D) the basic nonovertime workday may not exceed 8 hours;

(E) the occurrence of holidays may not affect the designation of the basic workweek; and

(F) breaks in working hours of more than 1 hour may not be scheduled in a basic workday.

5 U.S.C. § 6101(a)(3)(A)−(F) (emphasis added).

[9] Section 610.111 of Title 5 of the Code of Federal Regulations, entitled "Establishment of workweeks," provides that:

(a) The head of each agency, with respect to each full-time employee to whom this subpart applies, shall establish by a written agency policy statement:

(1) A basic workweek of 40 hours which does not extend over more than 6 of any 7 consecutive days. Except as provided in paragraphs (b), (c), and (d) of this section, the written agency policy statement shall specify the days and hours within the administrative workweek that constitute the basic workweek.

(2) A regularly scheduled administrative workweek that consists of the 40− hour basic workweek established in accordance with paragraph (a)(1) of this

the employee is regularly scheduled to work." Pl. Resp. at 8 (citing 5 C.F.R. § 550.103). That definition further provides that "[f]or a part-time employee, it means the officially prescribed days and hours within an administrative workweek during which the employee is regularly schedule to work." Pl. Resp. at 8 (citing 5 C.F.R. § 550.103). OPM defines "basic workweek" as follows: "Basic workweek, for full time employees, means the 40-hour workweek established in accordance with § 610.111 of this chapter." Pl. Resp. at 8 (citing 5 C.F.R. § 550.103). Moreover, Section 6121(5)(B) defines a "compressed schedule" to mean, "in the case of a part-time employee, a bi-weekly basic work requirement of less than 80 hours which is scheduled for less than 10 workdays." Pl. Resp. at 8. Therefore, Section 6103(d)(2) of the holiday pay statute provides that

---

section, plus the period of regular overtime work, if any, required of each employee. Except as provided in paragraphs (b), (c), and (d) of this section, the written agency policy statement, for purposes of leave and overtime pay administration, shall specify by days and hours of each day the periods included in the regularly scheduled administrative workweek that do not constitute a part of the basic workweek.

(b) When it is impracticable to prescribe a regular schedule of definite hours of duty for each workday of a regularly scheduled administrative workweek, the head of an agency may establish the first 40 hours of duty performed within a period of not more than 6 days of the administrative workweek as the basic workweek. A first 40–hour tour of duty is the basic workweek without the requirement for specific days and hours within the administrative workweek. All work performed by an employee within the first 40 hours is considered regularly scheduled work for premium pay and hours of duty purposes. Any additional hours of officially ordered or approved work within the administrative workweek are overtime work.

(c)(1) When an employee is paid additional pay under section 5545(c)(1) of title 5, United States Code, his regularly scheduled administrative workweek is the total number of regularly scheduled hours of duty a week.

(2) When an employee has a tour of duty which includes a period during which he remains at or within the confines of his station in a standby status rather than performing actual work his regularly scheduled administrative workweek is the total number of regularly scheduled hours of duty a week, including time in a standby status except that allowed for sleep and meals by a written agency policy statement.

(d) When the head of an agency establishes a flexible or compressed work schedule under section 6122 or section 6127 of title 5, United States Code, he or she shall establish a basic work requirement for each employee as defined in section 6121 of title 5, United States Code. A flexible or compressed work schedule is a scheduled tour of duty and all work performed by an employee within the basic work requirement is considered regularly scheduled work for premium pay and hours of duty purposes.

5 C.F.R. § 610.111.

an "agency may prescribe rules under which employees on a compressed schedule" can observe the calendar holiday on another day.  Pl. Resp. at 8 (citing 5 U.S.C. § 6103(d)(2)).

Finally, the court should reject the Government's argument that Section 4 of Executive Order 11,582 provides that only full-time employees are entitled to "in lieu of holidays."  Pl. Resp. at 9.  Section 4 applies to a "unique subset of 'full-time employees' who perform 40 hours of work within a period of not more than six days[,] 'because of the impracticability of prescribing a regular schedule of definite hours of duty for each workday[,]" *i.e.*, Section 4 has nothing to do with part-time employees.  Pl. Resp. at 9.  As such, the ordinary meaning of "an employee whose basic workweek is other than Monday through Friday" is unambiguous.  Pl. Resp. at 9–10.

### 3.    The Government's Reply.

The Government does not contest that part-time employees are "employees" for purposes of the holiday pay statute.  Gov't Reply at 1.  The relevant issue is whether part-time employees work a "basic workweek," because only employees who work a "basic workweek" earn "in lieu of holidays."  Gov't Reply at 1.

Although Plaintiff argues that he works a "basic workweek," *i.e.*, a regularly-scheduled part-time shift, Congress defined "basic workweek" in Section 6101 only with reference to full-time employees; the court "cannot infer, through silence, that the term also encompasses part-time workers."  Gov't Reply at 3.

The court also must reject Plaintiff's request to "parse" the language of Section 6103 and interpose the phrase "full-time or part-time" into the statute, so that it reads: "full-time or part-time employee whose basic workweek is other than Monday or Friday."  Gov't Reply at 3 (citing Pl. Resp. at 5).  The court is not at liberty to rewrite the statute.  Gov't Mot. at 3 (citing *Newport News Shipbuilding & Dry Dock Co. v. Garrett*, 6 F.3d 1547, 1558 (Fed. Cir. 1993) ("[A] court is empowered to rewrite neither statutes nor regulations.")).  Section 6101 of Title 5 is clear that employees who work 40 hours, work a "basic workweek."  Gov't Reply at 5.  The fact that some subsections of Section 6101 apply to both full-time and part-time employees does not change the fact that "basic workweek" is defined only by reference to full-time employees.  Gov't Reply at 5.  Therefore, Plaintiff's reliance on Section 6101(a)(3)'s use of the phrase, "with respect to each employee," to assert that part-time workers can also work a "basic workweek," is misplaced.  Gov't Reply at 5.

Plaintiff's reliance on definitions contained in 5 C.F.R. § 550.103 is also misplaced.  The fact that OPM defines terms, such as "regularly scheduled administrative workweek," to include both full-time and part-time employees is not dispositive of whether OPM defined "basic workweek" only with respect to full-time employees.  Gov't Reply at 5 (citing 5 C.F.R. § 550.103).

Similarly, Plaintiff's reliance on Section 6121(5)(B) of Title 5, concerning "compressed schedules," is also misplaced.  Section 6121(5)(B) recognizes that both full-time and part-time employees may be permitted to work a "compressed schedule," but "nothing in the statute states that part-time employees on a compressed schedule earn in lieu of holidays."  Gov't Reply at 6.

Finally, "nothing in Executive Order 11,582 changes the analysis."  Gov't Reply at 7.  Executive Order 11,582 does not define "basic workweek," but relies upon the definition included

in Section 6101, as demonstrated by the Order appended to Section 6103.  Gov't Reply at 7.
Section 4 of Executive Order 11,582 does, as asserted by Plaintiff, apply "to a unique subset of
'full-time employees.'"  Gov't Reply at 8 (citing Pl. Resp. at 9).  Interpreting "[S]ection 6101,
[OPM]'s regulations and publications, and recognized practice for several decades, is that
Executive Order 11,582 entitles only full-time employees to in lieu of holidays, under both
[S]ections 3 and 4."  Gov't Reply at 8.

### 4. The Court's Resolution.

#### a. Governing Precedent.

The United States Supreme Court has held that, if the statute speaks "to the precise question
at issue," the lower court is required to "give effect to the unambiguously expressed intent of
Congress."  *Chevron*, 104 S. Ct. at 2781.  To determine the meaning of a statute, the court is
required first to examine the language of the statute.  *See King v. Burwell*, 135 S. Ct. 2480, 2489
(2015).

> If the statutory language is plain, [the court] must enforce it according to its terms.
> But oftentimes the meaning—or ambiguity—of certain words or phrases may only
> become evident when placed in context.  So when deciding whether the language
> is plain, we must read the words in their context and with a view to their place in
> the overall statutory scheme.

*Id.* at 2489 (citations omitted) (internal quotation marks omitted).

If, after employing the traditional tools of statutory construction, the court determines that
the statute is "silent or ambiguous with respect to the specific issue," the court must sustain the
agency's interpretation, if it is "based on a permissible construction of the statute."  *Chevron*, 104
S. Ct. at 2782.

In determining whether an agency's interpretation of a statute "exceeds the bounds of the
permissible," the United States Supreme Court, in *United States v. Mead Corp.*, 533 U.S. 218
(2001), instructed the lower federal courts that:

> agencies charged with applying a *statute* necessarily make all sorts of interpretive
> choices, and while not all of those choices bind judges to follow them, they
> certainly may influence courts facing questions the agencies have already
> answered.  "[T]he well-reasoned views of the agencies implementing a statute
> 'constitute a *body of experience and informed judgment* to which courts and
> litigants may properly resort for guidance'" [and] "[w]e have long recognized that
> considerable weight should be accorded to an executive department's construction
> of a statutory scheme it is entrusted to administer[.]"  *The fair measure of deference
> to an agency administering its own statute has been understood to vary with
> circumstances, and courts have looked to the degree of the agency's care, its
> consistency, formality, and relative expertness, and to the persuasiveness of the
> agency's position*[.]

*Id.* at 227–28 (internal citations omitted) (emphasis added).

**b.      The Text And Context Of The Relevant Statutes And Executive Order.**

**i.      5 U.S.C. § 5546(b).**

Section 5546(b) of Title 5 states:

> An employee who performs work on a holiday *designated by Federal statute, Executive order*, or with respect to an employee of the government of the District of Columbia . . . is entitled to pay at the rate of his basic pay, plus premium pay at a rate equal to the rate of his basic pay, for that holiday work which is not (1) in excess of 8 hours; or (2) overtime work as defined by section 5542(a) of this title.

5 U.S.C. § 5546(b) (emphasis added).

The phrase "designated by Federal statute [or] Executive order" modifies the word "holiday." As such, under 5 U.S.C. § 5546(b), a federal employee who performs service on a "holiday" that has been designated as such, by either a federal statute or an executive order, is entitled to additional pay for such service.

Plaintiff erroneously construed Section 5546(b) as being dependent on the meaning of "employee." Pl. Resp. at 4–5. Section 5546(b), however, is dependent on Section 6103 and Executive Order 11,582. "Employee," for the purpose of Section 5546(a), includes part-time and full-time workers. *See Fathauer*, 566 F.3d at 1357 ("[T]he word 'employee' clearly includes those who work part time."). Therefore, because Section 5546(b) uses the same word as 5546(a), *i.e.*, "employee," which has been "conclusively construed" to include part-time and full-time employees, there is "a strong inference that the term was intended to have the same meaning in both places." *Rainey v. Merit Systems Protection Board*, 2016 WL 3165617, at *3 (Fed. Cir. June 7, 2016) ("[N]ormally, 'identical words used in different parts of the same act are intended to have the same meaning.' That principle applies with special force when 'the identical words are used in the same statutory section[.]'") (citations omitted) (internal quotation marks omitted). Although Plaintiff dedicates significant briefing on the issue of the meaning of "employee," as used in 5.U.S.C. § 5546(b), the relevant and dispositive term for purposes of the issue in this case is the meaning of "basic workweek," as used in 5 U.S.C. § 6103(b) and Executive Order 11,582, as they set forth how a federal agency determines which employees receive "in lieu of holidays."

**ii.      5 U.S.C. § 6103(b) And Executive Order No. 11,582.**

Section 6103(b) of Title 5, in relevant part, provides:

> For the purpose of statutes relating to pay and leave of employees, with respect to a legal public holiday and any other day declared to be a holiday by Federal statute or Executive order, the following rules apply:
>
>> (1) Instead of a holiday that occurs on a Saturday, the Friday immediately before is a legal public holiday for--
>>
>>> (A) employees whose *basic workweek* is Monday through Friday; and

(B) the purpose of section 6309 of this title.

(2) Instead of a holiday that occurs on a regular weekly non-workday of *an employee whose basic workweek* is other than Monday through Friday, except the regular weekly non-workday administratively scheduled for the employee instead of Sunday, the workday immediately before that regular weekly nonworkday is a legal public holiday for the employee.

5 U.S.C. § 6103(b) (emphasis added).

Section 3(b) of Executive Order 11,582, in relevant part, provides:

*Any employee whose basic workweek* includes Sunday and who would ordinarily be excused from work on a holiday falling within his basic workweek shall be excused from work on the next workday of his basic workweek whenever a holiday falls on a day that has been administratively scheduled as his *regular* weekly nonworkday in lieu of Sunday.

Exec. Order No. 11,582, 36 FR 2957 § 3(b) (Feb. 11, 1971) (emphasis added).

Neither Section 6103 nor Section 3(b) of Executive Order 11,582 define "basic workweek." The fact that a term is not defined in a statute, however, does not mean that the term is *per se* ambiguous. *See Gardner v. Brown*, 513 U.S. 115, 120 (1994) (holding that "the text and reasonable inferences" provide a "clear" meaning of the term, even though it is not explicitly defined by the statutory text). The court must read the relevant term in context of the statutory scheme. *See Burwell*, 135 S. Ct. at 2489 ("[O]ftentimes the meaning—or ambiguity—of certain words or phrases may only become evident when placed in context. So when deciding whether the language is plain, we must read the words in their context and with a view to their place in the overall statutory scheme.") (citations omitted) (internal quotation marks omitted).

The term "basic workweek" found in Section 6101, in relevant part, provides:

(a)(2) The head of each Executive agency, military department, and of the government of the District of Columbia shall--

(A) establish a *basic administrative workweek of 40 hours for each full-time employee* in his organization; and

(B) require that the hours of work within *that workweek* be performed within a period of not more than 6 of any 7 consecutive days.

(a)(3) Except when the head of an Executive agency, a military department, or of the government of the District of Columbia determines that his organization would be seriously handicapped in carrying out its functions or that costs would be substantially increased, he shall provide, with respect to *each employee* in his organization, that--

16

(A) assignments to tours of duty are scheduled in advance over periods of not less than 1 week;

(B) the *basic 40-hour workweek* is scheduled on 5 days, Monday through Friday when possible, and the 2 days outside the *basic workweek* are consecutive;

(C) the working hours in each day in the *basic workweek* are the same;

(D) the basic nonovertime workday may not exceed 8 hours;

(E) the occurrence of holidays may not affect the designation of the *basic workweek*; and

(F) breaks in working hours of more than 1 hour may not be scheduled in a basic workday.

5 U.S.C. § 6101(a)(2)–(a)(3) (emphasis added).

The first reference to the term "basic workweek" in Section 6101 is found in subsection 6101(a)(2)(A), which requires the head of each Executive Agency to establish a "*basic administrative workweek* of *40 hours* for each *full-time employee* in his organization." 5 U.S.C. § 6101(a)(2)(A) (emphasis added). The second reference is found in subsection (a)(3)(B), which requires the head of each Executive Agency to ensure that "the *basic 40-hour workweek* is scheduled on 5 days, Monday through Friday when possible, and the 2 days outside the *basic workweek* are consecutive." 5 U.S.C. § 6101(a)(3)(B) (emphasis added). In addition, the term "basic workweek," as used in the latter part of subsection (a)(3)(B), is used twice in subsections (a)(3)(C) and (a)(3)(E). The term, as used in subsection (a)(3)(b), has one logical meaning, where Congress used the term "basic workweek" interchangeably with the term "basic 40-hour workweek," indicating that the two would have the same meaning. To give the term, "basic workweek," any other meaning would violate the statutory canon that the court must "give effect, if possible, to every clause and word of a statute." *See Duncan v. Walker*, 533 U.S. 167, 174 (2001) (citations omitted); *see also Timex V.I., Inc. v. United States*, 157 F.3d 879, 886 (Fed. Cir. 1998) ("[A] statutory construction that causes absurd results is to be avoided if at all possible."). Therefore, the only plausible meaning of the shorter term "basic workweek" is one that limits the application of the term to those employees who work a 40-hour workweek, *i.e.*, full-time employees. Accordingly, although Section 6101(a)(3) begins by instructing that the subsections are to apply "with respect to *each employee*," when read in context, this opening term is conditioned on the fact that some subsections solely apply to employees who work a "basic workweek" of 40 hours.

In addition, the court finds it informative that Section 6101 is entitled "Basic 40-hour workweek; work schedules; regulations." *See* 5 U.S.C. § 6101. The court is cognizant that a section title cannot substitute for the operative text of the statute. *See Pennsylvania Dep't of Corrs. v. Yeskey*, 524 U.S. 206, 212 ("[T]he title of a statute . . . cannot limit the plain meaning of the text."). But, the use of a title that expressly limits the term "basic workweek" to a 40-hour workweek undermines Plaintiff's view that "basic workweek" applies to part-time employees. *See Florida Dep't of Revenue v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 47 (2008) ("[S]tatutory titles

and section headings 'are tools available for the resolution of a doubt about the meaning of a statute.'" (quoting *Porter v. Nussle*, 534 U.S. 516, 528 (2002))).

For these reasons, the court has determined that although the term "basic workweek" is not defined in Section 6101, when read in the context of Title 5, its meaning becomes evident. *See Burwell*, 135 S. Ct. at 2489 ("[W]hen deciding whether the language is plain, we must read the words 'in their context and with a view to their place in the overall statutory scheme.'" (quoting *Brown & Williamson*, 529 U.S. 120, 132 (2000))); *see also Util. Air Regulatory Group v. EPA*, 134 S. Ct. 2427 (2014) ("A statutory 'provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme[.]'" (quoting *United Sav. Assn. of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 371 (1988))).

Having determined the meaning of the term "basic workweek," as used in Section 6101, the court now turns to the relevant and dispositive section at issue in this case, Section 6103(b) and Executive Order 11,582 appended thereto.

The United States Supreme Court has held that "identical words used in different parts of the same act are intended to have the same meaning." *Sullivan v. Stroop*, 496 U.S. 478, 484 (1990); *see also ClearCorrect Operating, LLC v. Int'l Trade Com'n*, 810 F.3d 1283, 1296 (Fed. Cir. 2015) ("As when defining words in a statute, their ultimate meaning should remain consistent with the remainder of the statute as a term's meaning must be 'compatible with the rest of the law.'" (quoting *Util. Air*, 134 S. Ct. at 2442)). In this case, "basic workweek," as used in Section 6101, means a workweek of 40 hours. Therefore, it follows that the meaning of the term is the same, as used in Section 6103 and Executive Order 11,582, which is appended thereto. In sum, "basic workweek," as used in Section 6103 and Executive Order 11,582, means a workweek of 40 hours.

Finally, Congress has amended 5 U.S.C. § 6101 and § 6103 nine times since 1966, *i.e.*, in 1968, 1972, 1975, 1978, 1983, 1996, and 1998. *See* Pub. L. 90–363, 82 Stat. 250 (Jan. 16, 1968) (adding Columbus Day to subsection (a) of Section 6103 and substituting the provisions that designate Washington's Birthday, Memorial Day and Veterans Day); Pub. L. 94–97, 89 Stat. 479 (Sept. 18, 1975) (amending subsection (a) of Section 6103 to change Veterans Day from the fourth Monday in October to November 11); Pub. L. 98–144, 97 Stat. 917 (Nov. 2, 1983) (changing an item related to Martin Luther King, Jr.'s Birthday in Section 6103(a)); Pub. L. 104–201, 110 Stat. 2422 (Sept. 23, 1996) (adding subsection (d) to Section 6103); Pub. L. 105–261, 112 Stat. 1920 (Oct. 17, 1998) (adding paragraph (3) to subsection (b)); *see also* Pub. L. 92–392, 86 Stat. 564 (Aug. 19, 1972) (defining "employee" for purposes of subsection (a)(1) of Section 6101); Pub. L. 94–183, 89 Stat. 1057 (Dec. 31, 1975) (substituting "educational" for "education" in subsection (a)(4) of Section 6101); Pub. L. 95–454, 92 Stat. 1111 (Oct. 13, 1978) (replacing "Office of Personnel Management" with "Civil Service Commission" in subsection (c) of Section 6101). The United States Supreme Court has held that Congress is presumed to be aware of administrative interpretations when it legislates. *See Lorillard*, 434 U.S. at 580 ("Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it re-enacts a statute without change."). None of the amendments, however, have modified the relevant language of either Section 6101 or Section 6103. Therefore, the court will not presume that Congress was unaware that administrative agencies viewed "in lieu of holidays" as a benefit solely provided to full-time employees. *See id.* at 580. Accordingly, the court is persuaded that

"in lieu of holidays" only applies to those employees who work a "basic workweek" of 40 hours, *i.e.*, full-time employees.

## IV.    CONCLUSION.

For the reasons discussed herein, the Government's April 18, 2016 Motion To Dismiss is granted.  *See* RCFC 12(b)(6).  The Clerk of the Court is directed to dismiss Plaintiff's December 21, 2015 Complaint.

No costs.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**